## UNITED STATES v. SCHMITT.
### No. 11061.

District Court, W. D. Pennsylvania.
Dec. 15, 1943.

Charles F. Uhl, U. S. Atty., and George Mashank, Asst. U. S. Atty., both of Pittsburgh, Pa., for the United States.

Zeno Fritz, of Pittsburgh, Pa., for defendant.

GIBSON, District Judge.

The defendant was an attorney employed by the Second Federal Savings and Loan Association. He was solicitor for the Association, being paid by fees for examining for titles, liens and taxes upon the properties of prospective borrowers. He also attended to loan settlements and closed loans, and issued certificates as to priority of loans and mortgages.

In completing its loans the Association issued two checks to each borrower, one being to cover public taxes due upon his property and the other to pay the balance of the loan. In theory the check to cover the taxes was to be delivered to the borrower to evidence the receipt by him of the total loan, and by him delivered immediately to the defendant in order that he, as solicitor for the Association, might clear up all liens prior to that of the Association. In practice the defendant, in some sixteen instances, deposited the checks to his own account and did not pay the taxes.

The controversy in the instant case is not as to whether or not there was embezzlement, but is as to whose money was embezzled. The defendant contends that the funds were those of the borrowers, and therefore their conversion did not constitute an offense against the United States, and the United States Attorney asserts that they belonged to the Association and the embezzlement of them was a federal offense.

It has been agreed between the United States Attorney and counsel for the defendant that a typical example of the defendant's operations is found in the transactions with Amelia R. Tamburri and Lawrence P. Tamburri, and that the verdict upon the other counts of the indictment shall be as the court may find upon the second count.

The Tamburris had applied to the Association for a loan of $700, the loan to be secured by a mortgage upon their property at 6944 Upland Street, Pittsburgh, Pennsylvania. After report to the Association by the defendant all parties interested met for the purpose of closing the matter. It was found that city and school taxes in the amount of $154.56 had been entered and filed against the property. The following is quoted from the stipulation filed by the parties hereto:

"9. That upon the completion of defendant's examination of the record title to the real estate of the said Amelia R. Tamburri and Lawrence P. Tamburri, defendant reported the filing and existence of the aforesaid tax liens to the officials of the said association and arrangements were made whereby the amount of the said taxes, together with a penalty and interest thereon, were to be deducted by the association from the proceeds of the loan made by the association to Amelia R. Tamburri and Lawrence P. Tamburri and were to be paid by the said association to the authority for the collection of the said tax liens, and receipts and satisfactions obtained therefor."

"10. That in connection with the said loan, the said association issued its check No. 106, payable to Amelia R. Tamburri and Lawrence P. Tamburri, in the sum of one hundred fifty-four dollars and fifty-six ($154.56) cents, dated December 5, 1939, which check was, at the settlement of the loan, endorsed by the said payees and subsequently endorsed by defendant and deposited to his personal banking account. The proceeds of this check were made available to defendant so that he would pay off and cause to be satisfied the tax liens filed against the real estate on which a

mortgage had been given by Amelia R. Tamburri and Lawrence P. Tamburri, the borrowers, as security for the loan by the association to the said Amelia R. Tamburri and Lawrence P. Tamburri."

Here was a definite agreement on the part of the Second Federal Savings and Loan Association to deduct the amount of the tax liens from the proceeds of the loan to Amelia R. and Lawrence P. Tamburri and to pay them to the proper authority and obtain receipts therefor. The Tamburris, be it remembered, in endorsing the check delivered by the Association, were not dealing with their own agent, but with an officer and agent of the Association, and were actually redelivering the check to the Association. In the face of its agreement, and in view of the relationship of the defendant with it, it would have been unconscionable for the Association to put forth a claim that the Tamburris' money, not its own, had been converted to the use of the defendant. It is quite plain that delivery was conditional, not absolute.

Judgment of guilty as indicted must be entered.